UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
  DORON G. ZEMACH,                    :

                                           :  **MEMORANDUM DECISION AND**

                  Plaintiff,      :  **ORDER**

                                           :

       - against -         :  22-cv-338 (BMC)

                                           :

  COMMISSIONER OF SOCIAL SECURITY,  :

                                         :

               Defendant.     :
------------------------------------------------------------- X

**COGAN**, District Judge.

     1.      Plaintiff seeks review of a decision of the Commissioner of Social Security, following a hearing before an Administrative Law Judge, that he is not disabled as defined in the Social Security Act for the purpose of receiving disability insurance benefits under Title II of the Act. Although the ALJ found that plaintiff had severe impairments of degenerative disc disease in his lower back, prostatitis, anxiety disorder, and depressive disorder, the ALJ also found that plaintiff had sufficient residual functional capacity ("RFC") to perform light work (per 20 C.F.R. § 404.1567(b)) with several physical and mental restrictions.

     2.      Plaintiff first contends that the ALJ erred in not classifying a disorder that plaintiff has in his right arm as "severe" at step 2 of the sequential analysis (20 C.F.R. § 404.1520(a)). To support this claim, plaintiff points out that a nerve conduction study of his right arm indicated cubital and carpal tunnel syndrome, as well as right lateral epicondylitis. He also reports that his treating orthopedist, Dr. David Edelstein, completed a functional assessment opining that as a result of his right arm problems, plaintiff could never engage in handling, fingering, pushing or pulling of arm controls, or lifting any weight at all. And although the

argument section of plaintiff's brief does not mention it, the record seems clear that plaintiff reported numbing and tingling.

3.     It is apparent why the ALJ did not put any stock in Dr. Edelstein's assessment. His conclusions placed such extreme limitations on plaintiff's functional capacity as compared against his own treatment record and the rest of the record that there was an understandable tendency for the ALJ to reject it entirely. But the fact is that there is objective evidence that plaintiff has a severe right arm impairment.  As noted above, his nerve conduction study revealed an impairment; he was diagnosed with cubital and carpal tunnel syndrome; he has to wear a brace; and he (subjectively) reported numbing and tingling, both of which are consistent sensations with the diagnoses he received.

4.     It would be one thing if there were any other medical opinion in the record supporting a conclusion that plaintiff's right arm impairment is not severe.  But there is not. Although consultive examiner Dr. Ram Ravi's opinion could plausibly support a non-disability finding, he examined plaintiff before he even had the nerve conduction study, and there is no indication that he even considered plaintiff's right arm, let alone Dr. Edelstein's opinion on the severity of the impairment.  Because of those deficiencies, Dr. Ravi's opinion does not constitute one supporting a conclusion that plaintiff's right arm impairment is not severe.

5.     The issue at step 2 of the sequential analysis is not, of course, whether or to what extent plaintiff's arm impairment impacts his RFC.  On that, I agree with the Commissioner that Dr. Edelstein's conclusions are likely to be unpersuasive because his opinion that plaintiff had extremely restrictive limitations (including an inability to lift any weight whatsoever) are inconsistent with the rest of the record. But step 2 simply examines whether the impairment is severe – that is, does it significantly limit plaintiff's capacity to do basic work activities.  The

answer to that question will likely inform the assessment of plaintiff's RFC at a later stage of the analysis and may also inform the answer at step 5 (whether plaintiff can make an adjustment to other work).  But just because Dr. Edelstein's specific functional assessments were not persuasive does not mean plaintiff does not have a severe right arm impairment.  In other words, the ALJ's criticisms of Dr. Edelstein's functional assessment seem valid, but those criticisms are not inconsistent with plaintiff having a severe right arm injury.

6.      The Commissioner implies, without expressly stating, that any error by the ALJ is harmless because there is no showing that plaintiff's arm impairment substantially affected his ability to perform work-related activities.   But I cannot reach that conclusion.  None of the dynamic restrictions that the ALJ based on him relate to lifting or extending with his right arm. For all I know, the available jobs identified by the vocational expert cannot be performed by someone with a severe impairment in their arm.

7.      This conclusion bears upon plaintiff's second contention, that the ALJ disregarded medical evidence in concluding that plaintiff has sufficient RFC to perform light work.   The ALJ's conclusion could be upheld if there were a single medical opinion supporting non-disability that considered plaintiff's right arm impairment.  But there isn't.  As previewed above, the only opinion suggesting non-disability from a musculoskeletal perspective is that of the consultant Dr. Ravi, who found no limitations for sitting or standing but "moderate limitations in walking, bending, pushing, pulling, lifting and carrying due to back pain."  Aside from the rather indefinite adjective "moderate," Dr. Ravi did not review the results of the nerve conduction study on plaintiff's right arm, and never commented on plaintiff's right arm impairment. Nor, of course, did he have the opportunity to review Dr. Edelstein's report.

8.      Finally, plaintiff complains that the ALJ did not properly balance the medical evidence in assessing plaintiff's mental impairment as bearing on his RFC.  I disagree.  Plaintiff merely seeks to reweigh the evidence on this point.  Here, in contrast to the examination and opinion of Dr. Ravi, the opinion of the consulting psychologist, Dr. Wuhib, was based on a full record and specifically reached plaintiff's mental impairments.  All plaintiff can say on this score is that his treating physician's opinion should have been given more weight, but there is nothing per se improper about an ALJ preferring a properly-explained opinion from a consulting psychologist in this post-treating physician rule era.  The ALJ was entitled to conclude that the mostly normal findings from plaintiff's mental-status examinations more closely comported with Dr. Wuhib's opinion than that of plaintiff's treating mental health provider.

9.      Accordingly, plaintiff's motion for judgment on the pleadings is granted in part and the Commissioner's cross-motion for judgment on the pleadings is denied.  The case is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g).  On remand, the ALJ shall: (1) obtain another consultative examination that includes assessment of plaintiff's right arm impairment, which shall include review of the nerve conduction study, treatment notes, and medical source statement of Dr. Edelstein; and (2) hold an additional hearing, at which the ALJ shall (a) reconsider whether plaintiff's right arm impairment is severe; (b) reassess plaintiff's RFC in light of the additional consultative examination; and (c) if necessary, obtain vocational expert testimony as to whether there are jobs in the national economy which plaintiff can

perform.

        10.     The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

*Brian M. Cogan*
_____
                          U.S.D.J.

Dated:  Brooklyn, New York
          November 5, 2023